*R. J. Elliott, for appellant.*

---

### C. C. SHANKS v. ABNER DAVIS'S ADM'R, ET AL.

**Sale of Real Estate—Consideration.**

> Where one buys all the land from a party to a suit that should be recovered in the suit at $6.25 per acre, he must pay for all the acreage recovered finally in such suit.

**Compromise and Consideration.**

> Where one's contract with another was the result of a compromise to settle the conflicting boundaries of their lands, the compromise itself was a sufficient consideration for the contract; but where a purchase contract was not the result of compromise, but was a purchase of whatever acreage should be recovered in a suit at so much per acre, the price agreed to be paid constitutes the consideration, and the number of acres recovered determines the total price to be paid.

APPEAL FROM UNION COURT OF COMMON PLEAS.

September 28, 1877.

OPINION BY JUDGE ELLIOTT:

Abner Davis having by suit recovered a tract of land claimed by N. C. Powell and others, and appellant having swapped the land so recovered to a Mr. Malone for another tract of land, it was agreed between appellant and Davis that Davis should convey the land to Malone by appellant paying him $6.25 per acre therefor. The purchase price of this land amounted to $725, for which appellant executed to Davis his promissory note, and to secure the same mortgaged him one hundred forty acres of the land conveyed to appellant by Malone.

Shortly after the contract between appellant and Davis, N. C. Powell, under pretense that there was a clerical error in the judgment by which Davis recovered the land and sold to appellant, had the judgment so changed by the circuit court as to leave him less than one-half of the land originally adjudged to him, Davis excepted to the order changing his judgment against Powell, and prayed an appeal to this court.

As Shanks only agreed to pay Davis $6.25 per acre for all the land recovered by him from Powell, and as Davis's recovery had been reduced more than one-half, it was agreed between the parties that Davis should deliver up appellant's note for $725 and release the mortgage held as security for its payment, and appellant agreed to pay him $6.25 per acre for the land that still belonged to Davis, notwithstanding the change in his judgment against Powell, and Davis thereupon released his mortgage and delivered up to appellant his note for $725, and appellant assigned to him a note he held on Mr. Shuttleworth for $104, and gave him his own note for $118 with security, which amounts, it was considered, paid for all the land which had been adjudged to Davis in his suit against Powell at $6.25 per acre.

After this Powell procured the circuit court to again change its

judgment and give to Powell still more of the land it had adjudged
to Davis, and thereupon appellant notified Shuttleworth not to pay
Davis the note of $104 assigned to Davis, because the consideration
of the assignment having failed, the note was still due him and not
Davis.

From the judgment of the circuit court in Powell's favor Davis
appealed to this court, and they were both reversed, and it was de-
cided that Davis was entitled to all the land recovered by the origi-
nal judgment against Powell, being the land included in the first
sale to appellant. Davis, in pursuance of the first contract between
him and appellant, had conveyed the land to Malone. He therefore
proposed to appellant to give him credit for the amount he had paid
him for the land and take his note for the balance, which appellant
refused to do, but insisted that the last contract made between him
and Davis was the result of a compromise of all dispute between
them as to Davis's interest in the entire tract of land claimed by him.
Davis then brought this suit, by which he seeks to recover the price
of all the land adjudged to him in his suit against Powell, and con-
veyed by him and his wife to Malone at the appellant's request, de-
ducting, however, the partial payment of the $222 which appellant
had made him.

We cannot sustain appellant's view of the case. He first bought
all of the land included in the Davis recovery against Powell at $6.25
per acre, and when Davis's recovery was reduced to less than half
of the original number of acres this first contract was rescinded and
a new one entered into, by which appellant bought less than half the
tract first sold to him at $6.25 per acre, for as to the remainder of
the tract it was considered that it was not Davis's, but Powell's.
After Davis recovered the remainder of the tract it was the duty of
the appellant to either procure Malone to convey it back to him or
to pay him for it at the original contract price of $6.25 per acre.
The appellant did not consider the second contract between him and
Davis a compromise of any dispute or litigation, for when by a sec-
ond change of Davis's judgment against Powell he lost some more
of the land appellant gave notice to Shuttleworth not to pay Davis
the note he held on him as appellant's assignee, because, Davis hav-
ing lost a part of the land sold him, the consideration of the note
had failed.

If appellant's contract with Davis was the result of a compromise
and to settle the conflicting boundaries of their lands, the compro-
mise itself was a sufficient consideration to uphold it. But appellant

did not so consider it, for as soon as Davis lost part of the land included in the last contract with him he insisted that the consideration thereof had failed and claimed the Shuttleworth note.

We are therefore of opinion that as appellant claims that he bought all the land conveyed by Davis to Malone, and as he has only paid a part of the purchase price, he should pay the balance, and as the lower court correctly fixed its amount that judgment is *affirmed*.

*Taylor & Bennett, for appellant.   L. W. Long, for appellees.*